UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK

PETER ONITIRI,

                              Plaintiff,        ORDER
                                                12-CV-5425(JG)
              - versus -

SEAL SECURITY, INC.,

                              Defendant.

JOHN GLEESON, United States District Judge:

              Plaintiff Peter Onitiri brings the instant *pro se* complaint of discrimination in his

employment, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. §§

2000e – 2000e-17) and the Age Discrimination in Employment Act of 1967 ("ADEA") (29

U.S.C. §§ 621-634), against defendant Seal Security, Inc. ("Seal Security").  I grant Onitiri's

application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  For the reasons stated

below, the complaint is dismissed but Onitiri is granted permission to file an amended complaint

within thirty days of the date of this Order.

                                    BACKGROUND

              Onitiri worked as a security officer for Seal Security.  His complaint states that

(1) in 2009 he was "harassed and tormented and sent home;" (2) in 2010 he was sent home for

not wearing his uniform; and (3) on December 11, 2011, he was again sent home by his

supervisor and subsequently terminated.  Compl. at 4.

                                    DISCUSSION

A.      *Standard of Review*

              A court must construe a *pro se* litigant's pleadings liberally, *see Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010),

especially when those pleadings allege civil rights violations, *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).  A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citation omitted).

Although courts must read *pro se* complaints with "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks and citation omitted), and interpret them "to raise the strongest arguments that they suggest," *id.* at 476 (internal quotation marks and citation omitted), the complaint must plead enough facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

B.    *Analysis*

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, Onitiri must provide a short, plain statement of claim against Seal Security so it has adequate notice of the claims against it.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  Moreover, Onitiri must provide facts sufficient to allow Seal Security to have a fair understanding of what he is complaining about and to know whether there is a legal basis for recovery.  *See Bell Atlantic Corp.*, 550 U.S. at 555 (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Conley v. Gibson*,

355 U.S. 41, 47 (1957)); *Ricciuti v. New York City Transit Auth*, 941 F.2d 119, 123 (2d Cir. 1991) ("[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]").

Although Onitiri seeks to bring Title VII and ADEA claims, indicating that he was discriminated against based on his race (African American), color (Black), national origin (Nigerian), and age (58) (compl. at 3), he fails to plead sufficient factual allegations to support a claim for relief.  Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C.2000e–2(a).  The ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  In order to establish a prima facie case of age discrimination in violation of the ADEA, plaintiff must show: (1) that he was within the protected age group (more than 40 years old); (2) that he was qualified for his position; (3) that he experienced adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination.  *See Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citing *Carlton v. Mystic Transp. Inc.,* 202 F.3d 129, 134 (2d Cir. 2000)).

Onitiri fails to allege any facts to support that he is entitled to relief on any of these claims, *i.e.,* that he suffered an adverse employment action due to his race, national origin or age.  *See Ruston v. Town Bd. Of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions," and must

"plausibly suggest an entitlement to relief"); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010) (although *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

## CONCLUSION

Accordingly, the complaint is dismissed but Onitiri is granted permission to file an amended complaint within thirty days to correct the deficiencies discussed above. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. To the best of his ability, Onitiri should include short, plain statements of fact including the dates and nature of harassment, events leading to his termination and the ages, nationality and race of at least some of the relevant persons involved with his harassment and termination.

No summons shall issue at this time and all further proceedings shall be stayed for thirty days. The Clerk of Court is directed to forward an employment discrimination form complaint to Onitiri with this Order. If Onitiri fails to file an amended complaint within thirty days of the date of this Order, the instant action shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and judgment shall enter.

So ordered.

John Gleeson, U.S.D.J.

Dated: February 19, 2013

4

Brooklyn, New York